UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ZACHARY AND BRANDI LESTER,

      Plaintiffs,

                            Case No. 2:11-cv-850

      v.                      JUDGE EDMUND A. SARGUS, JR.
                            Magistrate Judge Terence P. Kemp

WOW CAR COMPANY, LTD, et al.,

      Defendants.

## OPINION AND ORDER

This matter is presently before the Court on Defendant Coast to Coast Dealer Services, Inc.'s Motion to Dismiss and to Compel Arbitration (Doc. No. 2), which is **DENIED AS MOOT**; Plaintiffs' Motion for Leave to Dismiss Action Against All Defendants Without Prejudice (Doc. No. 14), which is **GRANTED IN PART AND WITHDRAWN IN PART**; and Plaintiffs' Withdrawal of Motion for Dismissal, Motion to Deny Coast to Coast's Motion for Arbitration as Moot, and Motion to Set a Rule 26(f) Hearing Date (Doc. No. 17), which is **GRANTED IN PART AND DENIED AS MOOT IN PART**.

## I. BACKGROUND

On August 18, 2011, Plaintiffs, Zachary and Brandi Lester, initiated this action against Wow Car Company, Ltd. ("Wow"), Columbus Finance, Inc., and Coast to Coast Dealer Services, Inc. ("C2C") in the Knox County Court of Common Pleas.  (Doc. No. 4.)  On September 21, 2011, Defendants removed the action to this Court.  (Doc. No. 1.)

The facts in this section are taken from Plaintiffs' complaint, in which they allege violations of Ohio's Consumer Sales Practices Act, Ohio Revised Code § 1345.01 *et seq.*, Ohio's Odometer Rollback and Disclosure Act, Ohio Revised Code § 4549.46, the Motor Vehicle and

Cost Savings Act, 49 U.S.C. § 32701 *et seq.*, and causes of action for breach of express and implied warranties, civil fraud, misrepresentation and non-disclosure, deceptive trade practices, and breach of contract. Plaintiffs purchased a vehicle from Defendant Wow, who also sold Plaintiffs a warranty offered by Defendant C2C. Compl. at ¶¶ 7-8. This transaction was financed by Defendant Columbus Finance, Inc. *Id.* ¶ 9. Two days after Plaintiffs purchased the vehicle, they experienced problems with the engine and returned the vehicle to Defendant Wow. *Id.* ¶ 12. Two days later, Plaintiffs experienced additional problems and again returned the vehicle to Defendant Wow. *Id.* ¶ 13. Finally, on the sixth day, the vehicle's engine blew. *Id.* ¶ 14.

On September 19, 2011, C2C filed a Motion for Extension of Time to file its answer. On September 15, 2011, Columbus Finance, Inc. filed its answer in the state court and on September 22, 2011, Wow filed its answer in the state court. Defendants removed this case to this Court on September 21, 2011.

Also on September 21, 2011, Defendant C2C filed its Motion to Dismiss and to Compel Arbitration. (Doc. No. 2.) On October 12, 2011, Plaintiffs filed a Motion for Leave to Dismiss the Action Against All Defendants Without Prejudice ("Plaintiffs' First Motion"). (Doc. No. 14.) Defendant C2C opposed that motion on November 7, 2011. (Doc. No. 15.) No reply brief was filed.

On April 17, 2012, Plaintiffs filed a notice of substitution of counsel (Doc. No. 16), and filed Plaintiffs' Withdrawal of Motion for Dismissal, Motion to Deny Coast to Coast's Motion for Arbitration as Moot, and Motion to Set a Rule 26(f) Hearing Date ("Plaintiffs' Second Motion") (Doc. No. 17). On April 24, 2012, Defendant C2C opposed that motion (Doc. No. 23),

2

and Plaintiffs filed their reply brief on May 1, 2012 (Doc. No. 25).

## II. ANALYSIS

In Plaintiffs' Second Motion, they make three requests. First, Plaintiffs ask for the Court to partially withdraw their First Motion so that the only portion of the motion before the Court is the portion that requests the dismissal of C2C. Second, they request that the Court deny as moot C2C's Motion to Dismiss and to Compel Arbitration. Third, Plaintiffs ask the Court to set a scheduling conference.[1] C2C opposes Plaintiffs' requests, arguing that they should be required to arbitrate their claims against C2C or Plaintiffs' claims against C2C should be dismissed with prejudice.

Initially, the Court addresses Plaintiffs' request to withdraw their motion to dismiss as it relates to Wow and Columbus Finance Inc. and to grant the motion as it relates to their request to dismiss C2C as a defendant in this action. Under Rule 41(a)(2)[2], an action may be dismissed at

---

[1]Although Plaintiffs request a Rule 26(f) conference, the Court's conference is held pursuant to Rule 16. The parties are required to file a Rule 26 report in preparation for the Rule 16 conference. *See* Fed. R. Civ. P. 16(b)(1)(A).

[2]Plaintiffs and C2C argue under Rule 41(a)(2). The Court notes that the Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41. *Letherer v. Alger Group, LLC*, 328 F.3d 262, 266 (6th Cir. 2003), *recognized as overruled on other grounds in*, *Blackburn v. Oaktree Capital Mgmt. LLC*, 511 F.3d 633, 636 (6th Cir. 2008) ("Rule 41(a)(1) [and Rule 41(a)(2)] provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'") (citation omitted). In certain situations, a Rule 41 dismissal of an individual defendant has the effect of depriving the defendant of a full and fair opportunity to challenge the dismissal that would have been provided under Rule 21. *See NECA-IBEW Pension Fund v. Cox*, No. 1:11-cv-451, 2011 U.S. Dist. LEXIS 147827, at *7-8 (S.D. Ohio Dec. 21, 2011). In the instant action the particular rule used is immaterial because C2C has a full and fair opportunity to challenge the dismissal. *See AmSouth Bank v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004) (in certain dismissals of a party "the particular rule used is immaterial").

3

the plaintiff's request only by court order, on terms that the court considers proper. . . . [and] [u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). Dismissal under Rule 42(a)(2) is committed to the "sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d, 716, 718 (6th Cir. 1994). The primary purpose of Rule 41(a)(2) is to protect the interests of the defendant, but the court should consider the equities as to all parties. *See* James Wm. Moore, 8 Moore's Federal Practice § 41.40[5][A] (3rd ed. 2011). "Denial of a dismissal without prejudice is appropriate where the defendant will suffer 'plain legal prejudice,' however, the prospect of a second lawsuit does not constitute plain legal prejudice." *Rivera v. DePuy Orthopaedics, Inc.*, No. 3:10 dp 20060, 2011 U.S. Dist. LEXIS 105789, *2-3 (N.D. Ohio Sept. 19, 2011) (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Grover*, 33 F.3d at 718). "Likewise, legal prejudice is not established 'simply because the plaintiff may gain some tactical advantage in a future lawsuit.'" *Id.* at *3 (citing *Johnson v. Pharmacia & Upjohn Co.*, 192 F.R.D. 226, 228 (W.D. Mich. 1999)).

Factors that may be considered in making this assessment include: (1) the defendant's effort and expense in preparing for trial; (2) excessive delay or lack of diligence by the plaintiff in prosecuting the action; (3) insufficiencies in the plaintiff's explanation of the need for a dismissal; and (4) whether a motion for summary judgment is pending. *Id.* (citing *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009)).

In the case *sub judice*, Wow and Columbus Finance Inc. do not oppose Plaintiffs' request to withdraw their motion to dismiss. C2C, however, does oppose it, arguing that C2C would suffer pure legal prejudice if dismissed:

The only possible purpose for Plaintiffs' request to dismiss C2C without prejudice

4

is to allow Plaintiffs to re-file their Complaint in Ohio state court and force C2C to bring its Motion to Dismiss and Compel Arbitration in a state forum. Otherwise, Plaintiffs would simply agree to arbitrate their claims. Because Plaintiffs' forum shopping would subject C2C to plain legal prejudice, Plaintiffs cannot be allowed to dismiss their claims without prejudice. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716 (6th Cir. 1994).

(Doc. No. 23 at 2.) C2C's argument is not well taken.

Plaintiffs indicate that they have no intention of re-filing this action against C2C,

believing that they can find the relief they seek from the remaining two defendants. However,

even if Plaintiffs did plan to re-file this action in state court and, in essence, were forum

shopping, their actions do not constitute pure legal prejudice. As the Northern District of Ohio

recently explained:

Defendants assert the Plaintiffs' efforts are tantamount to forum shopping and that the loss of a federal forum is prejudicial to the Defendants. This Court disagrees. "[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d at 145 (9th Cir. 1982). *Compare with Kern Oil Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389-90 (9th Cir. 1986), cert. denied, 480 U.S. 906, 107 S. Ct. 1349, 94 L. Ed. 2d 520 (1987) (party seeking voluntary dismissal waited until after the entry of a dispositive ruling in favor of the opposition).

*Rivera*, 2011 U.S. Dist. LEXIS 105789, at *4-5.

The Court also finds that no other considerations weigh in favor of preventing Plaintiffs

from dismissing C2C from this action. That is, this case is in its early stages and C2C has been

required to do little, if anything, to prepare for trial. Further, there is not no indication of a lack

of diligence or excessive delay on Plaintiffs' part. Moreover, Plaintiffs' explanation for

dismissal is sufficient, *i.e.*, they believe they can be properly compensated for their damages from

the other two defendants who are not demanding arbitration. Finally, there is no motion for

5

summary judgment pending.  Accordingly, the Court finds Plaintiffs' request to dismiss Defendant C2C well taken.

As to Plaintiffs' request to find moot C2C's Motion to Dismiss and Compel Arbitration, that request is well taken.  Because C2C is dismissed from this action, its request to stay this action and compel arbitration is rendered moot.

Last, with regard to Plaintiffs' request for a preliminary pretrial conference, the Magistrate Judge has already scheduled the conference to be held on May 29, 2012.  (Doc. No. 18.)  Therefore, Plaintiffs' request is moot.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES AS MOOT** Coast to Coast Dealer Services, Inc.'s Motion to Dismiss and to Compel Arbitration (Doc. No. 2), **GRANTS IN PART AND WITHDRAWS IN PART** Plaintiffs' Motion for Leave to Dismiss Action Against All Defendants Without Prejudice (Doc. No. 14), **GRANTS IN PART AND DENIES AS MOOT IN PART** Plaintiffs' Withdrawal of Motion for Dismissal, Motion to Deny Coast to Coast's Motion for Arbitration as Moot, and Motion to Set a Rule 26(f) Hearing Date (Doc. No. 17).

The Clerk is **DIRECTED TO REMOVE** all three of these motions from the Court's pending motions list and to **REMOVE** Coast to Coast Dealer Services, Inc. as a defendant in this action.

**IT IS SO ORDERED.**


_____5-16-2012_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

6