```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                           EASTERN DIVISION

Zachary Lester, et al.,         :

        Plaintiffs,             :

    v.                          :    Case No. 2:11-cv-850

Wow Car Company Ltd., et al.,   :    JUDGE EDMUND A. SARGUS, JR.
                                     Magistrate Judge Kemp
        Defendants.             :
```

OPINION AND ORDER

I.

As more fully set forth in this Court's Opinion and Order filed on May 16, 2012, the plaintiffs in this case, Zachary and Brandi Lester, bought a used car which did not live up to their expectations.  In fact, they returned it to the seller twice within the first week they owned it, and the engine blew six days after the purchase.  Understandably upset, they sought relief both from the seller (and there is some dispute about who that was), a finance company, and a company from which they had purchased a warranty.  That latter party, Coast to Coast Dealer Services, was dismissed in the May 16, 2012 order, and the finance company, Columbus Finance, was subsequently dismissed by stipulation.  Currently, the only remaining defendants are Wow Car Company, Ltd. and Amy Hartzler dba Wow Car Company, whom the Court will refer to as the "Wow defendants."

The Lesters have now moved for leave to file a second amended complaint.  They propose to add four new defendants - Max R. Erwin, Sr. dba Wow Car Company, Mid-Ohio Motor Funding Group, the Hartzler-Erwin Group LLC, and Marmax Enterprises LLC - all of whom, the Lesters assert, are associated in some way with either Amy Hartzler or Wow Car Company, and to assert six different causes of action against those defendants.  The Wow Defendants

oppose the motion, arguing that the proposed TILA claim against the new defendants (and against defendant Hartzler, although that is not a new claim) would be futile because it is time-barred, that any claim against the new defendants under the Ohio Consumer Sales Practices Act would also be untimely. They do not appear to oppose the filing of the balance of the second amended complaint. For the following reasons, the Court will grant the motion in part and deny it in part.

II.

The following procedural facts are both relevant and undisputed. The original state court complaint, filed in Knox County on August 18, 2011, named Wow Car Company Ltd. as the seller of the automobile. It also named the two other defendants referred to above, but neither was alleged to be the party who sold the car to the Lesters.

The First Amended Complaint was filed in this Court on July 31, 2012. It added Amy Hartzler dba Wow Car Company as a defendant and alleged that she and Wow jointly operated the dealership which sold the car to the Lesters. The complaint alleged claims under the Ohio Odometer Rollback and Disclosure Act, O.R.C. §4549.46; the federal Motor Vehicle Information and Cost Savings Act; for breach of express warranty; for breach of the implied warranty of merchantability; for breach of the implied warranty of fitness for a particular purpose; for fraud; for deceptive trade practices; for violation of the Truth in Lending Act and Regulation Z; and for violation of the Ohio Consumer Sales Practices Act. Columbus Finance, then still a defendant, moved to dismiss the complaint for failure to join an indispensable party (Coast to Coast) and also requested dismissal of certain claims on other grounds. The Wow defendants joined that motion, and their motion to dismiss is still pending.

During the pendency of that motion to dismiss, the Lesters

moved to amend again.  The proposed second amended complaint reduces the number of causes of action from eight to six.  They are, in order (and based on the Court's interpretation of each count), breach of express warranty against Wow Car Company; (2) breach of the implied warranty of merchantability against Wow Car Company; (3) breach of the implied warranty of fitness for a particular purpose against Wow Car Company; (4) a state law deceptive trade practices against Ms. Hartzler, Mr. Erwin, and Wow Car Company; (5) a TILA claim against "Defendants"; and (6) an Ohio Consumer Sales Practices Act claim against "Defendants." Doc. 68, Attachment 1.  As noted, the Wow defendants' opposition to this proposed amended complaint focuses on the latter two claims, and, in particular, whether it would be futile to allow them to be asserted against the new defendants given that the statute of limitations on each of them has run.

                                III.

The question of whether a claim asserted against a newly-joined party "relates back" to the filing of the original complaint - an inquiry that is often determinative of the statute of limitations question - is governed by Fed.R.Civ.P. 15(c).  In particular, Rule 15(c)(1) provides:

> (c) Relation Back of Amendments.
>
> (1) **When an Amendment Relates Back**. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule

-3-

>     15(c)(1)(B) is satisfied and if, within the period
>     provided by Rule 4(m) for serving the summons and
>     complaint, the party to be brought in by amendment:
>
>    >     (I) received such notice of the action that it
>    >     will not be prejudiced in defending on the merits;
>    >     and
>    >
>    >     (ii) knew or should have known that the action
>    >     would have been brought against it, but for a
>    >     mistake concerning the proper party's identity.

Defendants appear to make two distinct arguments as to why Rule 15(c) does not permit relation back here. First, citing to In re Kent Holland Die Casting & Plating, Inc., 928 F.2d 1448 (6th Cir. 1991), they contend that an amendment which adds a new party (rather than simply substituting one party for another) can never relate back because, according to that decision, "the precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" Id. at 1449, quoting Marlowe v. Fisher Body, 489 F.2d 1057, 1064 (6th Cir. 1973). Second, they argue that Rule 15(c) applies only to mistakes made in the choice of which party to sue, and not to situations where the plaintiff was wholly unaware of the existence of the proposed new party at the time the original complaint was filed. In support of this contention, they cite to Baskin v. City of Des Plaines, 138 F.3d 701 (7th Cir. 1998), which held that the knowledge of the proposed new party about the suit is irrelevant in the absence of a mistake made by the plaintiff as to the identity of that party. That court further held that a plaintiff who is simply unaware of the identity of a potential defendant cannot have made the type of mistake which would justify the application of Rule 15(c).

The Lesters argue that the issue of relation back is controlled by the recent Supreme Court decision in Krupski v.

-4-

Costa Crociere S.p.A., 130 S.Ct. 2485 (2010), a case not cited or discussed by defendants.  In Krupski, a cruise ship passenger who was injured when she tripped over a cable onboard ship, sued Costa Cruise Lines - the company listed on the front of her ticket - for damages.  After the limitations period on plaintiff's claim expired, her counsel was notified that the actual operator of the ship was an Italian company knows as Costa Crociere S.p.A.  Costa Cruise, the original defendant, successfully moved for summary judgment on grounds that it was not a proper defendant.  In response to an order from the District Court, plaintiff amended her complaint to join Costa Crociere.  Finding that this joinder did not relate back to the original filing date of the complaint, the District Court then dismissed plaintiff's claims on limitations grounds.  It concluded that the first two prerequisites for relation back found in Rule 15(c)(1)(C)(I) - that the claim against the new defendant arose out of the same transaction as the previous claim, and that the new defendant had constructive knowledge of the existence of the suit - were satisfied, but that plaintiff could not show, as required by Rule 15(c)(1)(C)(ii), that "the action would have been brought against [the new defendnant], but for a mistake concerning the proper party's identity."

The Supreme Court reversed.  It noted that the focus of the lower courts' decisions was on whether and when the plaintiff, Ms. Krupski, was aware that she might have sued the wrong party or that Costa Crociere was the correct party.  That focus, according to the Court, was "the wrong starting point."  The Court held that Rule 15's inquiry is not what the plaintiff did or did not know, but "whether [the new defendant] knew or should have known that it would have been named as a defendant but for an error."  Krupski, 130 S.Ct. at 2493.  As the Court explained, "[i]nformation in the plaintiff's possession is relevant only if

-5-

it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." Id. at 2493-94. Recognizing that a defendant who has no knowledge of a potential claim during the applicable limitations period has a strong interest in "repose," the Court nonetheless concluded that "repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity." Id. at 2493.

  Drawing on this reasoning, the Lesters argue that defendants' focus on whether the Lesters knew of the possible involvement of Erwin, Mid-Ohio, HEG or Marmax in the auto sale - or whether the Lesters knew that it was Hartzler, not WOW Car Company, Ltd., who actually sold them the car - is misplaced. They contend that under Krupski, any inquiry into what the Lesters did or did not know at the time of suit is simply irrelevant. Because there is at least the possibility that, if Hartzler, Erwin, Mid-Ohio, HEG or Marmax were involved in the transaction as the proposed second amended complaint alleges, those persons or entities were both aware of the lawsuit and should have known that but for the Lesters' misunderstanding of the entire picture, they would have named all of these parties as defendants, the Lesters assert that the claims all relate back under Rule 15(c).

  It was certainly the law in this Circuit, prior to Krupski, that any time a new party, rather than a substituted party, is added to a case, Rule 15(c)'s relation back rule cannot be applied. That was the holding in Kent, and the Court of Appeals has consistently followed that rule. See, e.g., Asher v. Unarco Material Handling, Inc., 596 F.3d 313 (6th Cir. 2010). Although Asher was decided shortly before Krupski, this Court has held

that it is still good law and unaffected by Krupski.  See DeBois v. Pickoff, 2011 WL 1233665 (S.D. Ohio March 28, 2011)(Rice, J.)(explaining that because Krupski involved a "one-for-one" substitution of parties and not the joinder of new parties, its holding is not in conflict with Asher).  See also Smith v. Gallia County Sheriff, 2011 WL 2970931 (S.D. Ohio July 20, 2011)(Kemp, M.J.)(following DeBois).

These district court decisions are not, of course, binding precedent.  And there is some suggestion from the Court of Appeals itself that the Marlowe-Kent-Asher line of cases might not apply to the situation described in the Lesters' second amended complaint.  See Beverly v. MEVA Formwork Systems, Inc., 500 Fed. Appx. 391, (6th Cir. Sept. 12, 2012).  There, because it was plain that the proposed new party did not have actual or constructive notice of the suit, the Court of Appeals said that it "need not examine the line of cases in this circuit [i.e. Kent, Smart v. Ellis Trucking Co., 580 F.2d 215 (6th Cir. 1978), Marlowe and Asher] that preclude relation back under Rule 15(c) where the plaintiff seeks to add a new defendant."  Id. at **4. It did note, however, that "[w]hile these cases arguably preclude relation back in this particular situation, they differ from the instant case because the new party in those cases was unrelated to the original party").  Id.

On the other hand, in at least two other unpublished opinions, the Court of Appeals has held that Krupski did not alter this rule, and it refused to apply Rule 15(c) even when the new parties were related to the original party defendant.  See Brown v. Cuyahoga County, Ohio, 2013 WL 1003511 (6th Cir. March 15, 2013)(refusing to apply Rule 15(c) to the proposed addition of county jail employees to a suit against the county); Smith v. City of Akron, 476 Fed. Appx. 67, 69 (6th Cir. Apr. 6, 2013)(same for addition of city police officers to a suit against the city).

In fact, in <u>Smith</u>, the Court of Appeals reasoned:

> The problem with Smith's amended complaint is that adding new, previously unknown defendants in place of "John Doe" defendants "is considered a change in parties, not a mere substitution of parties," and "such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)[ ]." <u>Cox v. Treadway</u>, 75 F.3d 230, 240 (6th Cir.1996). Smith did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period. The relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem.

These cases suggest that <u>Krupski's</u> focus was on a specific type of mistake, namely the belief that the named defendant was a real party in interest when, in fact, it was not.  Here, by contrast, the "mistake," if any, was not that the named defendants are not real parties in interest (they are, or at least the Lesters allege that they are); it was the Lester's lack of knowledge that there were *additional* real parties in interest.  The Lesters' lack of knowledge of the identity of these parties, and the fact that they are being named as new rather than substitute parties, precludes them, under Sixth Circuit precedent, from being joined under a "relation back" theory even after <u>Krupski</u>.  Given the fact that the line of cases beginning with <u>Marlowe</u> and extending through <u>Asher</u> is not completely inconsistent with <u>Krupski</u>; that none of these decisions was mentioned in that section of <u>Krupski</u> which identified a circuit conflict; and that the Court of Appeals has declined to repudiate this line of cases on at least two separate occasions, this Court has little choice but to follow circuit precedent.  That means that the TILA and OCSPA claims against the new defendants would be time-barred if asserted, and it would be futile to allow an amendment to assert them.

    The Lesters' alternative argument is that they have

-8-

adequately alleged that the four new defendants are simply alter egos of whichever individual or entity sold them the car, so that they are really not "new" defendants at all but have always been parties to the case. If that is so, the Lesters timely pleaded their claims against the actual seller of the car, whoever it may have been, and identifying the alter ego or alter egos of the seller is not a change in parties at all.

The alter ego doctrine developed in response to improper uses of the corporate form to commit crimes or fraud. Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc., 67 Ohio St.3d 274, 287 (1993) sets out a three-part test for piercing the corporate veil, which is one way in which obligations of a corporation can be deemed obligations of individual shareholder or directors. This mechanism for piercing the corporate veil cannot be used in reverse (at least in Ohio), see In re Zhang 463 B.R. 66, 80 (Bkrtcy. S.D. Ohio 2012). However, the first prong of the Belvedere test "is a restatement of the alter ego doctrine, which requires that plaintiff 'show that the individual and the corporation are fundamentally indistinguishable.'" Taylor Steel, Inc. v. Keeton, 417 F.3d 598, 605 (6th Cir. 2005), quoting id. As Taylor Steel explains, there are a number of factors which go into the alter ego inquiry, but they relate to factors dealing with the reality of the corporation's existence as a separate entity, including the level of its capitalization, observance of corporate formalities, the keeping of corporate records, and whether the corporation was used as a facade for the business operations of the individual shareholders or directors. Id. Further, this theory may permit the Court to treat an individual and a corporation as essentially the same entity, and to allow someone with a claim against the individual to reach corporate assets to satisfy that claim. See, e.g., In re Fisher, 296 Fed. Appx. 494, 506 (6th Cir. Oct. 10, 2008)("This court has

explained ... that veil piercing and alter ego concepts are distinct. The former asks a court to hold A vicariously liable for B's debts, while the latter asserts that A and B are the same entity and therefore liability is direct"), citing International Union, United Auto., Aerospace and Agr. Implement Workers of America v. Aguirre, (6th Cir. 2005).  Consequently, at least in theory, the Lesters might be able to prove that all of the entities and individuals they propose to name in the second amended complaint should be treated as the same entity, and that the obligations of any one of them are also, in law, the obligations of all of the others.

    The question then becomes: does the existence of such a theory eliminate any need to analyze the second amended complaint in terms of whether the claims against the new defendants relate back to the original filing date?  According to the Lesters, that is exactly the effect of alleging an alter ego theory of liability.  In support of that assertion, they rely primarily on Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131 (2d Cir. 1991), a case which involved a slightly different scenario - the commencement of an action against alleged alter egos of a judgment debtor to enforce the judgement against the alter egos.  There, the court held that the action was governed by New York's twenty-year statute of limitations on actions to enforce a judgment, and not by the six-year statute of limitations which applied to the causes of action on which the judgment was rendered.  This case is not directly on point because the Lesters do not have a judgment against either of the current defendants, and an action to enforce a judgment against any of the proposed new defendants would clearly be premature.  Further, the case law suggests that any type of action which, in essence, seeks to enforce a judgment against an alleged alter ego to a judgment debtor is a claim separate from the underlying

causes of action which led to the judgment; it may be appropriately filed if and when judgment is entered, but it does not justify tolling the running of the statute of limitations on the original claims as against the alleged alter egos.  See, e.g., Matlock v. McCormick, 948 S.W.2d 308, 311 (Tex. App. 1997)("whether [the proposed new defendants] are alter egos ... is a relevant issue only after [plaintiff] proves her causes of action against [the existing defendant]").

There is some authority for the general proposition that both an original defendant and its alter ego are to be treated the same for limitations purposes, so that service on one is the equivalent of service on the other.  See, e.g., N.L.R.B. v. O'Neill, 965 F.2d 1522, 1529 (9th Cir. 1992)("Where two parties are alter egos, service on one is sufficient to initiate proceedings against both within the statute of limitations). While that may be true, taking that principle to the extreme - as the Lesters attempt to do here - creates a curious type of argument: No "relation back" analysis need be done if plaintiff is simply joining new parties who are alter egos of existing parties, and the factual predicate which eliminates the need to do that analysis - the existence of an alter ego relationship - can be established simply by the unproven allegations of the proposed amended complaint.  If that argument were accepted, a plaintiff could do an end run around cases like Kent and Asher simply by adding alter ego allegations to a proposed amended complaint which otherwise would fail the "relation back" analysis mandated by Rule 15(c).

Synthesizing these various principles leads the Court to this conclusion.  If, in fact, the four proposed new parties are alter egos of either Ms. Hartzler or Wow Car Company, Ltd., they would stand liable for any judgment rendered against those two existing defendants, and their liability can be established and

enforced in a subsequent case which is timely filed under the statute of limitations relating to enforcement of judgments - a statute which would not begin to run until the judgment becomes final and enforceable.  Such separate suits are routinely filed in Ohio.  See, e.g., Stypula v. Chandler, 2003 WL 22844296 (Geauga Co. App. Nov. 26, 2003).  In fact, that was the scenario in Wm. Passalacqua Builders, Inc., the case cited by the Lesters.  Thus, whether the statute of limitations has or has not run on the underlying claims is irrelevant to the alleged alter egos' liability for any judgment entered against Ms. Hartzler or Wow.  The only meaningful question, then, is not whether the Lesters can file suit to determine these parties' liability - clearly, they can - but whether they should be permitted to do so in the context of this case.  To answer that question, the Court would have to determine if the alter ego claim has accrued in the absence of a judgment against the existing defendants, and whether, even if it has, it is proper to join that claim with the underlying claims - or to do it at this stage of the case.  The parties have not briefed these issues, and it would not be appropriate to address them in this order.

 Before finally resolving this issue, the Court notes that the Wow defendants have reasserted their statute of limitations argument concerning the TILA claim asserted against Ms. Hartzler.  That is not a new claim, however, but one found in the current complaint and one which is the subject of the motion to dismiss that complaint.  This is an issue better resolved by the District Judge (assuming it is raised again by way of a motion to dismiss the second amended complaint).

                                  IV.

 Based on the foregoing analysis, the Court concludes the following.  First, any TILA or OSCPA claims which the Lesters wish to assert directly against the four proposed new defendants

do not relate back to the original filing date and would be barred by the statute of limitations.  Second, the Lesters should be permitted to assert an alter ego claim against the four proposed new defendants, but without prejudice to those defendants' ability to move to dismiss that claim.  Third, the Lesters should be permitted to re-plead their TILA claim against Ms. Hartzler, again without prejudice to her ability to re-file her motion to dismiss that claim.  The Lesters shall file a second amended complaint in conformance with this order within fourteen days.  The motion to amend (Doc. 68) is granted in part and denied in part as set forth in this Opinion and Order.

V.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge